UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

JASON ROSA AND TOMAS MARTINEZ,

Plaintiffs,

-against-

CITY OF NEW YORK, POLICE OFFICER FRIEDMAN, TAX REG. NO 920305 AND UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, EMPLOYEES AND AGENTS,

Defendants.

---------------------------------------------------------------------- x

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

08 CV 2406 (BSJ) (KNF)

JURY TRIAL DEMANDED

Defendant City of New York,[1] by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the Complaint, respectfully alleges, upon information and belief, as follows:

1. Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

2. Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiffs purport to bring this action as stated therein.

3. Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiffs purport to invoke the Court's jurisdiction and bring this action as stated therein.

4. Denies the allegations set forth in paragraph "4" of the Complaint.

---

[1] From a review of the docket sheet, the individual identified in the caption of the Complaint as Police Officer Friedman has not been served with a copy of the summons and Complaint. Moreover, upon information and belief, Police Officer Friedman has not requested legal representation from the Office of the Corporation Counsel. Therefore, he is not a defendant in this action at this time.

5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that plaintiffs purport to base venue as stated therein.

6. Denies the allegations set forth in paragraph "6" of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that the City of New York maintains a police department and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that Police Officer Friedman was employed by the City of New York as a Police Officer in October 2007, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the identity of the unidentified officers.

10. Denies the allegations set forth in paragraph "10" of the Complaint, except admits that the City of New York is a municipal corporation organized and existing under and by virtue of the laws of the State of New York

11. Denies the allegations set forth in paragraph "11" of the Complaint, except admits that plaintiffs purport to bring this action as stated therein.

12. Denies the allegations set forth in paragraph "12" of the Complaint, and states that the allegations concerning acting "under the color and pretense" of state law sets forth conclusions of law rather than averments of fact to which no response is required.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except admits that documents purporting to be Notices of Claims on behalf of Jason Rosa and Tomas Martinez were received by the Office of the Comptroller on or about October 22, 2007.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Denies the allegations set forth in paragraph "15" of the Complaint, except admits that no payments have been made on the purported claims.

16. Denies the allegations set forth in paragraph "16" of the Complaint, except admits that the Complaint was filed with the Court on or about March 10, 2008.

17. Paragraph "17" of the Complaint sets forth conclusions of law rather than averments of fact, to which no response is required. To the extent a response is required, defendants deny.

18. Denies the allegations set forth in paragraph "18" of the Complaint, except admits that plaintiffs were arrested on October 3, 2007 and charged with Criminal Sale of a Controlled Substance in the 3rd Degree, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the disposition of the criminal charges.

19. In response to the allegations set forth in paragraph "19" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "18" of this answer as if fully set forth herein.

20. Denies the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint.

23. Denies the allegations set forth in paragraph "23" of the Complaint, except states that the allegations concerning acting within the scope of authority and employment set forth conclusions of law rather than averments of fact, to which no response is required.

24. Denies the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. Denies the allegations set forth in paragraph "26" of the Complaint.

27. Denies the allegations set forth in paragraph "27" of the Complaint.

28. Denies the allegations set forth in paragraph "28" of the Complaint.

29. In response to the allegations set forth in paragraph "29" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "28" of this answer as if fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

31. Denies the allegations set forth in paragraph "31" of the Complaint.

32. Denies the allegations set forth in paragraph "32" of the Complaint.

33. In response to the allegations set forth in paragraph "33" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "32" of this answer as if fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the Complaint.

35. Denies the allegations set forth in paragraph "35" of the Complaint.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

37. In response to the allegations set forth in paragraph "37" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "36" of this answer as if fully set forth herein.

38. Denies the allegations set forth in paragraph "38" of the Complaint.

39. Denies the allegations set forth in paragraph "39" of the Complaint.

40. Denies the allegations set forth in paragraph "40" of the Complaint.

41. In response to the allegations set forth in paragraph "41" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "40" of this answer as if fully set forth herein.

42. Denies the allegations set forth in paragraph "42" of the Complaint.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

44. Denies the allegations set forth in paragraph "44" of the Complaint, except states that the allegations concerning acting under color and pretense of law set forth conclusions of law rather than averments of fact, to which no response is required.

45. Denies the allegations set forth in paragraph "45" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

46. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

47. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

48. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the City of New York is not responsible, and was not the proximate result of any act of the defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

49. Plaintiffs provoked any incident.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

50. Punitive damages cannot be recovered as against the City of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

51. At all times relevant to the incident, defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

52. This action may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

53. Plaintiffs may have failed to comply with the provisions of New York General Municipal Law § 50-e and § 50-i.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

54. To the extent the Complaint alleges claims against the City of New York under state law, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

55. There was probable cause for plaintiffs' arrests and prosecutions.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

56. The actions of any officer involved were justified by probable cause and/or reasonable suspicion.

**WHEREFORE,** defendant City of New York requests judgment dismissing the Complaint, as against it with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 30, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendant City of New York
100 Church Street
New York, New York 10007
(212) 788-0988

By: ____________________
Brian Francolla
Assistant Corporation Counsel

To: Darmin Bachu, Esq. (By ECF and mail)
Attorney for Plaintiffs
Bachu & Associates
127-21 Liberty Avenue
South Richmond Hill, NY 11419

08 CV 2406 (BSJ) (KNF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON ROSA AND TOMAS MARTINEZ,

Plaintiffs,

-against-

CITY OF NEW YORK, POLICE OFFICER FRIEDMAN, TAX REG. NO 920305 AND UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, EMPLOYEES AND AGENTS,

Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Brian Francolla*
*Tel: (212) 788-0988*

*Due and timely service is hereby admitted.*

*New York, N.Y.* .......................................... *,2008*

.................................................................... *Esq.*

*Attorney for* ........................................................

**DECLARATION OF SERVICE BY FIRST-CLASS MAIL**

I, Brian Francolla, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on May 30, 2008, I served the annexed **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK** upon the following attorney for plaintiffs by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney for the plaintiffs at the address set forth below, being the address designated by said attorney for plaintiffs for that purpose:

Darmin Bachu, Esq.
Attorney for Plaintiffs
Bachu & Associates
127-21 Liberty Avenue
South Richmond Hill, NY 11419

Dated: New York, New York
May 30, 2008

Brian Francolla
Assistant Corporation Counsel